IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMARCUS JOHNSON                                                         PLAINTIFF

vs.                           Civil No. 4:18-cv-04010

NANCY A. BERRYHILL                                               DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jamarcus Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI") and Child Insurance Benefits ("CDB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed his disability applications on July 9, 2014 (SSI) and on July 15, 2014 (CDB). (Tr. 25). In his applications, Plaintiff alleges he is disabled due to a learning disability, headaches, and a mood disorder. (Tr. 237). Plaintiff alleges an onset date of January 1, 2006. (Tr. 25). These applications were denied initially and again upon reconsideration. (Tr. 69-122).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. \_\_\_\_" The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff requested an administrative hearing on his denied applications. This hearing request was granted, and Plaintiff's administrative hearing was held on January 10, 2017. (Tr. 42-68). This hearing was held in Shreveport, Louisiana on January 10, 2017. *Id.* At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Only Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *Id.*

After this hearing, the ALJ entered an unfavorable decision denying his disability applications (Tr. 22-36). This decision was entered on March 30, 2017. *Id.* In this decision, the ALJ found Plaintiff was born on June 14, 1991 and had not attained age 22 as of January 1, 2006, his alleged onset date. (Tr. 27, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2006, his alleged onset date. (Tr. 27, Finding 2). The ALJ determined Plaintiff had the following severe impairments: intellectual disorder and history of polysubstance abuse. (Tr. 27-29, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25-27, Finding 4).

The ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 34, Finding 8). The ALJ determined Plaintiff was fourteen (14) years old, which is defined as an "younger individual" under 20 C.F.R. § 416.963(c) (2008) and 20 C.F.R. § 404.1563(c) (2008). (Tr. 34, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 27-34, Finding 5). First, the ALJ evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant

> has the residual functional capacity to perform a full range of work at all exertional levels. Therefore, the claimant has no restrictions on the amount of weight that he can lift and carry. He can stand/walk for at least 6-hours out of an 8-hour workday and sit at least 6-hours in an 8-hour workday. In addition, the claimant can perform pushing/pull operations of arm or leg controls and can frequently stoop and crouch. He has full manual dexterity and sufficient visual acuity to perform close work, to handle large objects and to avoid hazards in the workplace. However, the claimant has the following nonexertional limitations: Claimant can only perform simple, routine, and repetitive work tasks; is limited to simple work-related decisions; and can only occasionally interact with supervisors, coworkers, and the public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 34, Finding 9). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 34-35, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform work as a production worker (*e.g.,* bench assembler) with approximately 108,000 such jobs in the nation; maid or house cleaner (*e.g.,* laundry worker) with approximately 306,000 such jobs in the nation; and packer and hand packager (*e.g.,* machine-pack assembler) with 57,000 such jobs in the nation. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2006 through the date of the ALJ's decision or through March 30, 2017. (Tr. 35, Finding 11).

Plaintiff sought review with the Appeals Council. On December 22, 2017, the Appeals Council denied this request for review. (Tr. 5-8). On January 12, 2018, Plaintiff filed a Complaint in this matter. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 12-13. This case is now ready for determination.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff raises one argument for reversal: the ALJ erred in finding he did not meet Listing 12.05(C). ECF No. 12 at 1-15. According to Plaintiff, to meet this Listing, he must demonstrate an IQ score of 60 to 70 with the additional "physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* In response to this claim, Defendant argues that Listing 12.05(C) was not in effect at the time of the ALJ's decision; accordingly, Plaintiff's impairment could not meet that Listing. ECF No. 13 at 5.

Upon review, the Court finds Defendant is correct that Listing 12.05(C) had been eliminated at the time the ALJ entered his decision. Accordingly, Plaintiff cannot meet its requirements. The next closest Listing is Listing 12.05(A) or (B). Both of those Listings, however, set a higher standard

5

than 12.05(C), and Plaintiff has not demonstrated he can meet the requirements of either of these Listings. Thus, the Court finds no basis for reversal on this issue. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting a listing argument "out of hand" because the claimant provided "no analysis of the relevant law or facts regarding these listing").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE